CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com


Brett R. Parkinson, Esq., SBN 230150
JACKSON & PARKINSON
205 West Alvarado Street
Fallbrook, California 92028
(760) 723.1295 (telephone)
(760) 723.9561 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chuck Bellone**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act; Negligence |
| v. | |
| **Roaring Camp, Inc.**, a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Chuck Bellone complains of Roaring Camp, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.    Plaintiff is a California resident with physical disabilities. He is a partially blind and due to his blindness is significantly impaired in his ability to see and to

1

Complaint

ambulate.

2.   Defendant Roaring Camp, Inc. owns—and has during all times relevant to this complaint—Roaring Camp, located at or about 5401 Graham Hill Rd., Felton, California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

2

Complaint

1  **FACTUAL ALLEGATIONS:**

2     7.   In May of 2018, Plaintiff went on a vacation with a company called
3  Gadabout that caters to seniors.

4     8.   The vacation was a 5-day railway trip, with the second stop being near Santa
5  Cruz. At that stop, the tour group visited a number of Redwood forest parks as well
6  as the Roaring Camp. Roaring Camp has a private train that takes passengers
7  around the Redwood trees.

8     9.   Roaring Camp Railroads is a facility open to the public, a place of public
9  accommodation, and a business establishment.

10    10.  During their time at Roaring Camp, the tour group went to the Roaring
11  Camp "Chuckwagon BBQ" area to picnic and eat. The BBQ/picnic area is reached
12  by crossing a small wooden bridge.

13    11.  There are two routes that a person can take between the BBQ, where food
14  is cooked and picked up, to the covered picnic tables. Unfortunately, neither of
15  them is accessible to persons with disabilities.

16    12.  One route—the most direct route—involves navigating a small set of brick
17  stairs. These stairs do not comply with the Americans with Disabilities Act's
18  Standards of Accessibility for a number of reasons:

19         a.  The transition between the top most brick stair and the
20             connecting bricks that lead to the dirt walkway is not smooth
21             and has a vertical elevation change of greater than ¼ inch in
22             violation of section 303.2 of the ADA Standards.

23         b.  The transition between the brickwork and the dirt walkway is
24             not smooth and has a vertical elevation change of greater
25             than ¼ inch in violation of section 303.2 of the ADA Standards.

26         c.  The bottom riser is not a uniform height with the other 2 risers
27             on these staircases in violation of section 504.2 of the ADA
28             Standards;

3

Complaint

       d.  The stairs do not have handrails in violation of section 505.2 of the ADA Standards.

13. The other route involves circumventing the stairs and swinging around the BBQ when entering or leaving the BBQ area. This route does not comply with the Americans with Disabilities Act's Standards of Accessibility for a number of reasons:

       a.  The dirt walkways are not stable or firm in violation of 302.1 of the ADA Standards;

       b.  The transition between the brickwork at the front of the BBQ and the dirt walkway is not smooth and has a vertical elevation change of greater than ¼ inch in violation of section 303.2 of the ADA Standards.

       c.  Located at the transition from the dirt walkway to the brick walking surface at the front of the BBQ, there is a grate with openings that allow passage of a sphere more than 1/2 inch diameter and, additionally, the elongated openings are not placed so that the long dimension is perpendicular to the dominant direction of travel in violation of section 302.3 of the ADA Standards.

14. Additionally, there is no directional signage indicating where an accessible path of travel is for persons with disabilities from the BBQ to the picnic area and back.

15. These violations are easily removed without much difficulty or expense. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

16. Plaintiff tried to navigate the steps but he fell because there was no accessible path of travel and the steps were not accessible. Plaintiff suffered injuries, including but not limited to a cracked sternum and ribs, and was taken by

an ambulance to the hospital.

17.  Plaintiff was hurt and injured in his health, strength, and activity, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical pain and suffering.   Plaintiff has suffered general damages in an amount to be determined according to proof.

18. As a result of the aforesaid conduct of Defendants, and each of them, Plaintiff was compelled to and did employ the services of a variety of medical services and did incur hospital, medical, professional and incidental expenses, and Plaintiffs are informed and believe and thereon allege that they will, by reason of their injuries, incur additional medical and other expenses.

19. The lack of accessible paths of travel denied the plaintiff full and equal access and caused him difficulty and injury.

20. Plaintiff plans to return to Roaring Camp Railroads to assess ongoing compliance with the disability access laws and will face discriminatory barriers if they are not corrected.

21.  Given the obvious and blatant nature of the violations and barriers alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

5

Complaint

1  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES**

2  **ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section

3  12101, et seq.)

4      22.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again

5  herein, the allegations contained in all prior paragraphs of this complaint.

6      23.  Under the ADA, it is an act of discrimination to fail to ensure that the

7  privileges, advantages, accommodations, facilities, goods and services of any place

8  of public accommodation is offered on a full and equal basis by anyone who owns,

9  leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

10  Discrimination is defined, inter alia, as follows:

11          a.  A failure to make reasonable modifications in policies, practices, or

12            procedures, when such modifications are necessary to afford goods,

13            services, facilities, privileges, advantages, or accommodations to

14            individuals with disabilities, unless the accommodation would work a

15            fundamental alteration of those services and facilities. 42 U.S.C. §

16            12182(b)(2)(A)(ii).

17          b.  A failure to remove architectural barriers where such removal is

18            readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined

19            by reference to the ADA Accessibility Standards.

20          c.  A failure to make alterations in such a manner that, to the maximum

21            extent feasible, the altered portions of the facility are readily

22            accessible to and usable by individuals with disabilities, including

23            individuals who use wheelchairs or to ensure that, to the maximum

24            extent feasible, the path of travel to the altered area and the

25            bathrooms, telephones, and drinking fountains serving the altered

26            area, are readily accessible to and usable by individuals with

27            disabilities. 42 U.S.C. § 12183(a)(2).

28          d.  A failure to maintain in operable working condition those features of

6

its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

24. Here, the defendants' failure to provide and maintain accessible paths of travel for persons with disabilities, such as the plaintiff, is a violation of the ADA.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

26. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

27. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

28. Because the violation of the Unruh Civil Rights Act resulted in difficulty and injury to the plaintiff, the defendants are also each responsible for damages, both actual and statutory which can be up to three times actual damages. Cal. Civ. Code § 52(a); 55.56(a)-(c).

**III. THIRD CAUSE OF ACTION: NEGLIGENCE** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Despite a legal duty to comply with the ADA's access standards, the

Complaint

defendants violated specific ADA Access Standards, including sections 302, 303, 504 and 505 of the 2010 ADA Standards found at 36 C.F.R., Part 1191, Appendix D, and failed to provide safe and accessible paths of travel for persons with disabilities such as the plaintiff.

31.  These sections of the ADA Access Standards—incorporated into the ADA—are designed to protect against injury and mishap to persons with disabilities such as the plaintiff.

32.  The failure by the defendants to ensure that their property conformed with these ADA Access Standards caused the plaintiff's injuries and harm.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1.  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.  For general damages in an amount according to proof;

3.  For medical and related expenses, both past, present and future, in an amount to be determined according to proof;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as the Court may deem just and proper

6.  For other actual and compensatory damages including those for emotional distress and a civil penalty under the Unruh Civil Rights Act, which provides for a statutory minimum or up to three times actual damages.

7.  For reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Complaint

Dated: January 14, 2019           CENTER FOR DISABILITY ACCESS

                                  By: _____

                                        Mark Potter, Esq.
                                        Attorney for plaintiff

Complaint