UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHUCK BELLONE,<br><br>   Plaintiff,<br><br> v.<br><br>GADABOUT TOURS, INC.,<br><br>   Defendant. | Case No. 19-cv-00307-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 35 |

Plaintiff Chuck Bellone asserts the following claims against defendant Gadabout Tours, Inc. ("Gadabout") and Does 1-10 for the following: (1) violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (2) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53; (3) violation of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54.1 et seq.; and (4) negligence. Dkt. No. 29. Gadabout moves to dismiss Mr. Bellone's ADA, Unruh Act, and CDPA claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Dkt. No. 35.

The Court heard oral argument on the motion on November 5, 2019. Dkt. No. 47. Having considered the parties' moving papers and arguments made at the hearing, the Court grants Gadabout's motion to dismiss without leave to amend and declines to exercise supplemental jurisdiction over Mr. Bellone's remaining negligence claim.

**I. BACKGROUND**

 **A. Factual Allegations**

Mr. Bellone is a California resident who is partially blind and has both visual and mobility

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 8, 32, 33, 34.

impairments. Dkt. No. 29 ¶ 1. Under the name Gadabout Vacations, Gadabout operates a travel services company that arranges and guides vacation tours for senior citizens. *Id.* ¶ 2.

Mr. Bellone arranged to take a five-day California railway tour organized and guided by Gadabout in May 2018. *Id.* ¶ 10, 13. Prior to the tour, Mr. Bellone informed Gadabout of his legally blind status and his mobility impairment, which requires him to walk with a cane. *Id.* Gadabout's employees assured Mr. Bellone that they would make sure he would be able to fully access everything on his trip and that someone would be available to assist him as needed. *Id.* ¶ 11. During the first part of the tour, the tour director, Janice Fitzgerald, assisted Mr. Bellone with his accessibility needs as promised. *Id.* ¶ 12.

The tour's second stop was at the Roaring Camp Railroads, a recreational facility near Santa Cruz that offers, among other things, a private train ride transporting passengers around a redwood forest. *Id.* ¶¶ 13-14. Mr. Bellone and his fellow tourists took the Roaring Camp Railroads train ride, after which Gadabout arranged a barbecue lunch in the picnic area. *Id.* ¶ 15. To partake in the lunch, Mr. Bellone was required to pick up his food from the barbecue area and navigate his way to the picnic tables through one of two routes, both of which Mr. Bellone says did not comply with the ADA in multiple respects. *Id.* ¶¶ 16-18. The first route involved traversing a small set of uneven brick stairs without a handrail leading to a dirt walkway. *Id.* ¶ 17. The second route involved avoiding the stairs and instead traversing uneven dirt walkways that included a grate. *Id.*

When Mr. Bellone descended from the train, he was unable to find Ms. Fitzgerald and was forced to find his way to the barbecue area without assistance. *Id.* ¶¶ 20-21. As a result of the inaccessible paths of travel, Mr. Bellone fell and suffered a cracked sternum and ribs. *Id.* ¶ 21. Mr. Bellone says that in addition to his physical injuries, he experienced mental pain and suffering. *Id.* ¶¶ 21-22.

**B.  Procedural Background**

Mr. Bellone filed this action on January 18, 2019 against Roaring Camp, Inc. ("Roaring Camp"), asserting claims for violations of the ADA and the Unruh Act and for negligence. Dkt. No. 1. On July 10, 2019, Mr. Bellone filed a first amended complaint ("FAC"). The FAC named

Gadabout and Lois and Mark Anderson as additional defendants, added a premises liability claim against Roaring Camp only, and specified that the negligence claim was asserted against Gadabout only. Dkt. No. 15. Mr. Bellone and Roaring Camp subsequently reached a settlement agreement and stipulated to dismissal of the claims against Roaring Camp pursuant to Rule 41(a)(1)(A)(ii). Dkt. Nos. 19, 23.

In the meantime, Mr. Bellone served the FAC on Gadabout and the Andersons. Dkt. Nos. 20, 21, 22. Gadabout and the Andersons moved to dismiss the FAC's ADA and Unruh Act claims. Dkt. No. 25. That motion became moot when Mr. Bellone filed a second amended complaint ("SAC") on September 9, 2019 as a matter of course pursuant to Rule 15(a). Dkt. Nos. 29, 30. The SAC added a claim for violation of the CDPA. Dkt. No. 29 ¶¶ 45-55. Gadabout and the Andersons then filed the motion to dismiss claims 1-3 of the SAC now before the Court. Dkt. No. 35.

On October 31, 2019, the parties stipulated to a dismissal of the claims against the Andersons pursuant to Rule 41(a)(1)(A)(ii), leaving Gadabout as the sole defendant. Dkt. No. 43.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. ADA Claim

Title III's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

To state a claim for a violation of Title III of the ADA, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the defendant denied him public accommodations because of his disability. *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012) (quoting *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010)). Gadabout's motion to dismiss focuses on the second element. Gadabout argues that Mr. Bellone fails to state a claim for violation of Title III because he does not and cannot allege that Gadabout owned, leased, or operated Roaring Camp's premises, which is the physical "place of public accommodation" where Mr. Bellone experienced the alleged barriers to access.

Gadabout argues that the SAC contains no allegations that Mr. Bellone was denied access to Gadabout's own place of business—i.e., the place where it maintains a physical office—nor does it contain allegations that Gadabout owns, leases, or operates any portion of Roaring Camp's premises. Because discrimination in the provision of travel services alone, untethered to a physical place of public accommodation, is not actionable under the ADA, Gadabout argues that this claim must be dismissed. Dkt. No. 35 at 6–8. Relying principally on authority from the Seventh Circuit, Mr. Bellone responds that so long as Gadabout has a physical place of public accommodation, it may be liable for discrimination arising from any of the travel services it provides. Dkt. No. 37 at 5–6. Alternatively, Mr. Bellone argues that because Gadabout has a contract with Roaring Camp, Gadabout "provides goods and services by and through . . . Roaring Camp Railroad." *Id.* at 4.

To the extent Mr. Bellone contends that Title III of the ADA applies to discrimination in the provision of travel services that does not affect Mr. Bellone's ability to access Gadabout's physical offices, his claim fails. The Ninth Circuit has interpreted the statutory phrase "place of public accommodation" as limited to "an actual physical space." *Weyer v. Twentieth Century Fox*

4

*Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). The Ninth Circuit recently elaborated further on this holding: "Because the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there ha[s] to be 'some connection between the good or service complained of and an actual physical place.'" *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). The SAC contains no allegations plausibly supporting a claim that Mr. Bellone was denied equal access to Gadabout's place of business. *See Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (distinguishing actionable website functionality that impedes equal access to goods and services offered in Target stores from non-actionable website functionality that does not affect equal access to goods and services offered in Target stores).

To the extent Mr. Bellone relies on the existence of a contract between Gadabout and Roaring Camp to support his ADA claim, his claim likewise fails. Mr. Bellone contends that Gadabout is liable for any barriers to access at Roaring Camp by virtue of the fact that Gadabout "enter[ed] into a contractual or other arrangement to use the Roaring Camp premises as part of its Tour without taking any steps to ensure the accessibility of those facilities." Dkt. No. 37 at 8. Mr. Bellone cites no authority—and the Court is aware of none—to support his argument that merely contracting with another entity that owns, leases, or operates a place of public accommodation subjects Gadabout to liability for any non-compliant conditions of that other entity's premises. In fact, at least two other district courts have rejected similar arguments. *See Namisnak v. Uber Techs.*, No. 17-cv-06124-RS, 2018 WL 7200717 (N.D. Cal. Oct. 3, 2018) (dismissing ADA claim against rideshare service providing transportation to concert venue); *J.H. ex rel. Holman v. Just For Kids, Inc.*, 248 F. Supp. 3d 1210 (D. Utah 2017) (dismissing ADA claim against non-profit transportation service for disabled adults).

For these reasons, the Court concludes that Mr. Bellone fails to state a claim for violation of Title III of the ADA against Gadabout.

### B. Unruh Act and California Disabled Persons Act Claims

The SAC also asserts claims for violation of the Unruh Act and the CDPA based solely on a predicate violation of the ADA; it does not assert an independent Unruh Act violation for

"intentional discrimination in public accommodations in violation of the terms of the Act" or "willful, affirmative misconduct" or an independent CDPA claim. *See* Dkt. No. 29 ¶¶ 36-55; *Cullen*, 880 F. Supp. 2d at 1024 (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Indeed, Mr. Bellone appears to disavow any Unruh Act or CDPA claims independent of the ADA and does not seek leave to amend any such independent claims. *See* Dkt. No. 37 at 8.

Because the Court finds that Mr. Bellone has failed to state an ADA claim, it also finds that he has failed to state a claim under the Unruh Act or the CDPA.

### C. Leave to Amend

While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)). When asked at the hearing whether he could plead additional facts to support an ADA claim if given leave to amend, Mr. Bellone suggested he could allege, upon information and belief, the existence of a contract between Gadabout and Roaring Camp that gives Gadabout sufficient control over the Roaring Camp premises to satisfy the "owns, leases, or operates" requirement of the statute. However, Mr. Bellone acknowledges that he possesses no actual knowledge of any such contract and that he would need to take discovery in order to obtain evidence of such a contract. The Court infers that Mr. Bellone presently has no Rule 11 basis for pleading such a theory.

The Court therefore concludes that amendment would be futile and dismisses claims 1-3 without leave to amend.

## IV. REMAINING STATE LAW CLAIM

Mr. Bellone's only remaining claim against Gadabout is a claim of negligence arising under California law. That claim alone does not provide an independent basis for federal court jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Mr. Bellone's negligence claim and dismisses that claim without prejudice. *See* 28 U.S.C. § 1367(c) (providing district court may decline to exercise supplemental jurisdiction if, *inter alia,* "the district court has dismissed all claims over which it has original jurisdiction"); *Les*

*Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989) (holding that "[w]hen . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline supplemental jurisdiction over the state claims and dismiss them without prejudice").

## V. CONCLUSION

For the foregoing reasons, the Court grants Gadabout's motion to dismiss without leave to amend. The Court declines to exercise supplemental jurisdiction over Mr. Bellone's remaining negligence claim and dismisses that claim without prejudice.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 8, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge